**Joshua DIMMIG, a single man, Plaintiff–Appellant,**

v.

**COUNTY OF PIMA, a political subdivision of the State of Arizona; Clarence Dupnik, Pima County Sheriff; Laura Ybarra, Pima County Sheriff; Scott McLeod, Pima County Sheriff Deputy; Steven Love, Pima County Sheriff Deputy, Defendants–Appellees.**

No. 12–15953.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2014.

Filed April 16, 2014.

Brick P. Storts, III, Esquire, Barton & Storts, Tucson, AZ, for Plaintiff-Appellant.

Nancy J. Davis, Thomas Edward Dugal, Tucson, AZ, for Defendants-Appellees.

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM *

Plaintiff Joshua Dimmig appeals the district court's grant of summary judgment to defendants on his 42 U.S.C. § 1983 claim for a violation of his Fourth Amendment right to be free from excessive force during a seizure. We affirm.

■ Plantiff does not argue that the police car's rolling over him was anything but an accident. Police officers' conduct only implicates the Fourth Amendment when it involves *"means intentionally applied."* Brower v. Cnty. of Inyo, 489 U.S.

593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). "[T]he Fourth Amendment addresses 'misuse of power,' *Byars v. United States,* 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520 (1927), not the accidental effects of otherwise lawful government conduct." *Id.* at 596, 109 S.Ct. 1378. Here, because the car was not a "means intentionally applied," the Fourth Amendment was not implicated.

■ Nor does this court's " 'continuing seizure' rule, which provides that 'once a seizure has occurred', it continues throughout the time the arrestee is in the custody of the arresting officers," *Torres v. City of Madera,* 524 F.3d 1053, 1056 (9th Cir.2008) (quoting *Robins v. Harum,* 773 F.2d 1004, 1010 (9th Cir.1985)), help plaintiff. Even under the continuing seizure rule, the officers must apply a use of force—in other words, a means intentionally applied, *Brower,* 489 U.S. at 597, 109 S.Ct. 1378— to implicate the Fourth Amendment.

Because the officers' negligent conduct causing the accident did not implicate the Fourth Amendment, we affirm the grant of summary judgment.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.